Case 1:16-cr-00251-TWP-MJD   Document 1589   Filed 05/21/24   Page 1 of 4 PageID #: 9632

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>JEREMY PERDUE | )<br>) Case No: 1:16-CR-00251-TWP-MJD-09<br>)<br>) USM No: 09447-028<br>) |
| Date of Original Judgment: 09/09/2020<br>Date of Previous Amended Judgment:<br>*(Use Date of Last Amended Judgment if Any)* | )<br>) Steven Allen (former)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ **DENIED.** ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 09/09/2020 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 5/21/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable Tanya Walton Pratt, U.S. District Court Chief Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:16-cr-00251-TWP-MJD-9 |
| JEREMY PERDUE<br>a/k/a JP, | ) ) ) ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

This matter is before the Court on Defendant Jeremy Perdue's ("Perdue") Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Filing No. 1546).[1] On September 9, 2020, Perdue was convicted of Conspiracy to Possess With Intent to Distribute and to Distribute 500 Grams or More of Methamphetamine (Filing No. 1296). In determining the advisory guidelines, the Court found that Perdue's criminal convictions resulted in a subtotal criminal history score of 12. However, he committed the instant offense while on supervised release, therefore two points were added and his criminal history score of 14 established a criminal history category of VI (Filing No. 1245). The advisory guideline sentencing range was 292-365 months' imprisonment, and the Government recommended a downward departure of four levels, or 188-235 months' imprisonment. *Id*. The Court sentenced Perdue to a sentence of 168 months imprisonment (Filing No. 1296 at 2).

---

[1] The Court appointed the Indiana Federal Community Defender to represent Perdue (Filing No. 1547). Counsel was later granted leave to withdraw (Filing No. 1557). Perdue was afforded an opportunity to supplement his petition following the withdrawal, but he did not do so (Filing No. 1558).

Perdue seeks a reduction of his sentence pursuant to Part A of Amendment 821. Plaintiff United States of America (the "Government") has filed a Response in Opposition, in which it asserts that Perdue is ineligible for reduction because, although Part A of Amendment 821 is applicable to him, it does not change his guideline range (Filing No. 1568).

The Court has the authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id*. at 827. In making this determination the court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id*. at 828-29. If the defendant is eligible for a reduction, the court advances to the second step. At the second step, the court considers any applicable § 3553(a) factors and determines whether, in the court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case *Id*. at 827.

As to the step one analysis under *Dillon*, the Court agrees with the Government that Perdue is not eligible for a sentence reduction because Part A to Amendment 821 does not change his guideline range. In Part A, the Sentencing Commission made certain amendments to U.S.S.G. § 4A1.1, which provides the circumstances in which "status points" are added to a defendant's criminal history category calculation. These amendments decreased the "status points" for crimes committed while under a criminal justice sentence from two points to one point. Before Amendment 821, Perdue earned 14 criminal history points, placing him in Criminal History Category VI. After Amendment 821, Perdue's total criminal history points only change from 14

2

to 13, leaving him in Criminal History Category VI. Because Perdue's guideline range does not change, he is not eligible for resentencing. *See* § 3581(c)(2); § 1B1.10(a)(2)(B). The Court will therefore not proceed to step two under *Dillon*.

Perdue's Motion for Reduction of Sentence (Filing No. 1546) is **DENIED**.

**SO ORDERED**.

Date: 5/21/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jeremy Perdue, #09447-028
FCI McDowell
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 1009
Welch, West Virginia  24801

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
brian.reitz@usdoj.gov

Colin Clark
UNITED STATES ATTORNEY'S OFFICE
colin.clark@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE
kelly.rota@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov